IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          EASTERN DIVISION

CASSANDRA LOVE,
                    Plaintiff,

v.
                                    Case No. 1:15-cv-01234-JDB-egb
MILAN SPECIAL SCHOOL
DISTRICT,

                    Defendant.

---

**REPORT AND RECOMMENDATION**

---

On September 21, 2015, the Plaintiff Cassandra Love, a *pro se* litigant, filed a 42 U.S.C. § 2000d complaint against the Milan Special School District, alleging *inter alia*, that her son was not put in the front row of his 2014 graduation, even though he was in the top 10[1]. The plaintiff further alleges that the School District in previous and subsequent years and that this was done because her son was African American and it would have been obvious that he was the only African American in the top 10.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

---

[1] The 2014 graduation was the top 19 in alphabetical order.

1

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681,

129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. See Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S.

3

Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler

4

v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

ANALYSIS

The Complaint fails to state a claim under Title VI of the Civil Rights Act of 1964 ("Title VI"). Title VI provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d; see also 34 C.F.R. Part 100 (Title VI regulations).

Title VI, unlike Title VII, "prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (citing *Alexander v. Choate*, 469 U.S. 287, 293, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985)). The elements of a *prima facie* case of intentional discrimination, however, "are the same under both Title VI and VII." B*rewer v. Bd. of Trustees of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir.2007) (citing *Paul v. Theda Medical Ctr., Inc.*, 465 F.3d 790, 794 (7th Cir.2006); *Fuller v. Rayburn*, 161 F.3d 516, 518 (8th Cir.1998)). Specifically, "Adjusting terms for the educational context, that means membership in a protected class, meeting the school's legitimate educational expectations, an adverse educational action and worse treatment than that of similarly situated students not in the protected class." *Brewer*,

479 F.3d at 921 (citing B*ryant v. Indep. Sch. Dist. No. I-38 of Garvin Cnty., Okla.*, 334 F.3d 928, 930 (10th Cir.2003)).

In order to prevail on her race, color and/or national origin discrimination claim under Title VI and/or Title VII, plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by a preponderance of the evidence. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Simon v. City of Youngstown,* 73 F.3d 68, 70 (6th Cir. 1996); *see also D.J. Miller & Assoc.*, 115 F. Supp.2d 872 (S.D. Ohio 2000).

Similarly, to establish a *prima facie* case of discrimination under Title VI using the indirect method, a plaintiff must show the following: (1) she is a member of a protected class; (2) her performance met the defendant's legitimate expectations; (3) she suffered an adverse action; and (4) the defendant treated other similarly-situated persons outside of the plaintiff's classification more favorably. *Brewer v. Board of Trustees of the University of Illinois,* 407 F.Supp.2d 946, 972 (C.D. Ill. 2005).

Here, it is undisputed that Plaintiff is a member of a protected class. However, she plainly has failed to come forward with sufficient facts to prove that she suffered an adverse action and/or was treated differently than similarly situated non-members of her protected class.

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted, and as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

Respectfully Submitted this 9th day of May, 2016.

    **s/Edward G. Bryant**
    UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**