IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CASSANDRA LOVE,

     Plaintiff,

v.                                No. 15-1234

MILAN SPECIAL SCHOOL DISTRICT,

     Defendant.

---

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1] AND
DISMISSING CASE *SUA SPONTE*

---

On September 21, 2015, the *pro se* Plaintiff, Cassandra Love, filed a complaint against the Defendant, Milan Special School District, and a motion for leave to proceed *in forma pauperis*. (D.E. 1-2.) The Court granted *in forma pauperis* status and referred the case to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013). After screening the complaint in accordance with 28 U.S.C. § 1915(e)(2), the magistrate judge, on May 9, 2016, entered a report and recommendation in which he recommended that the complaint be dismissed *sua sponte* for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and § 1915(e)(2)(B)(ii), and for frivolousness pursuant to § 1915(e)(2)(B)(i). No objection to the report and recommendation has been filed and the time for such filing has expired. *See* 28 U.S.C. § 636(b)(1).

---

[1]While the Court agrees with the recommendation of the magistrate judge that this matter should be dismissed *sua sponte*, it finds such dismissal warranted for a different reason than that articulated by the magistrate judge.

When a plaintiff is permitted to proceed without the prepayment of fees or costs, the district court must screen the complaint and dismiss the case upon a determination that the action is "frivolous or malicious," or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Screening under § 1915(e)(2) is to occur prior to service of process and any grant of permission to amend; that is, the complaint must be dismissed in the event if falls within the requirements of § 1915(e)(2) at filing. *Rogers v. United States Bankruptcy Court*, Case No. 16-12259, 2016 WL 3549484, at *1-2 (E.D. Mich. June 30, 2016) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)). Dismissal of a complaint under § 1915(e)(2)(B) is appropriate "when it is based on an indisputably meritless legal theory" or "when the factual contentions on which it relies are clearly baseless." *Anson v. Corrections Corp. of Am.*, 529 F. App'x 558, 559-60 (6th Cir. 2013) (per curiam) (alterations & internal quotation marks omitted). Although *pro se* complaints are to be construed liberally, the Court "will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff." *Smith v. Detroit City Sch. Dist.*, No. 11-10502, 2011 WL 761504, at *1 (E.D. Mich. Feb. 25, 2011).

As the report and recommendation did not set forth in detail the factual allegations in the complaint, the Court deems it necessary to do so here. Love's son graduated from Milan High School in Milan, Tennessee, in 2014, the only black student among the top ten graduates. According to the complaint, in previous years, the top ten graduates were seated in the front row at the graduation ceremony. In 2014, however, the top nineteen students received priority seating in alphabetical order, apparently resulting in her son's placement behind the front row. At the graduation ceremony in 2015, the top ten graduates were again seated in the front row. When Plaintiff questioned the principal about the matter, he informed her that the school year ending in 2015 was his first year as principal and that he thought Milan High School had always

seated the top ten graduates in the front row.  He referred her to Carol Parkins, the school's senior counselor, for more information.  Parkins advised Love that the administration decided to honor the top nineteen in alphabetical order in 2014 and then returned to the previous arrangement in 2015, with no further explanation.

Title VI of the Civil Rights Act of 1964, the statute under which this action has been brought, prohibits discrimination on the basis of race by programs receiving federal funding.  42 U.S.C. § 2000d.  "[A] plaintiff alleging a Title VI claim must prove that a defendant has excluded the plaintiff from a federally financed program on the basis of the plaintiff's race and that race was the determining factor in the exclusion." *Abston v. Shelby Cty. Schs.*, No. 15-2343-STA-dkv, 2015 WL 4624126, at *4 (W.D. Tenn. Aug. 3, 2015) (citing *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996)) (internal quotation marks omitted).  The magistrate judge, in addressing the merits of the claim, concluded that it was undisputed Love was a member of a protected class but that she failed to come forward with sufficient facts to prove she suffered an adverse action and/or was treated differently than similarly-situated nonmembers of the protected class, as she must to sufficiently state a claim under Title VI.

The undersigned disagrees with certain findings and conclusions set forth in the report and recommendation.  First, it is not in fact undisputed that Love is black.  The complaint alleges only that her son is black, which does not necessarily mean his mother, the only Plaintiff in this case, is of the same race.

Second, the magistrate judge appears to have assumed Love has standing to bring this action.  She does not.  To have standing to sue under Title VI, courts have found that the "plaintiff must be the intended beneficiary of [a] federal spending program." *Brown-Dickerson v. City of Philadelphia,* Civ. Action No. 15-4940, 2016 WL 1623438, at *8 (E.D. Pa. Apr. 25,

2016).  "The intended beneficiaries of a federally funded public school program are school children, not their parents."  *Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Tex. 1996); *see also Smith v. Cal. Bd. of Educ.*, No. CV 13-5395 FMO (PJW), 2014 WL 5846990, at *4 (C.D. Cal. Nov. 10, 2014) (adopting report & recommendation).  Thus, Love lacks standing herself to bring a Title VI action.  *See Franklin v. Mansfield City Sch. Dist.*, Case No. 1:14 CV 1163, 2015 WL 7429046, at *10 n.119 (N.D. Ohio Oct. 30, 2015) (noting that the mother of a student had no standing herself to file suit against the school district under Title VI), *report & recommendation adopted by* 2015 WL 7430053 (N.D. Ohio Nov. 18, 2015).

Nor may she initiate a Title VI case on her child's behalf.  Although it is unclear whether her son was a minor at the time the complaint was filed, the result is the same.  While Rule 17(c) of the Federal Rules of Civil Procedure permits a parent to bring suit on behalf of her minor child, it does not allow a *non-lawyer* parent to represent her child in federal court.[2]  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is [his] own and does not belong to [his] parent or representative"); *Matthews v. Craige*, Civ. No. 1:16-CV-11680, 2016 WL 3522320, at *2 (E.D. Mich. June 28, 2016) ("Because Plaintiff is proceeding *pro se* in this action and is not a licensed attorney, he may not bring claims on behalf of his minor children.").  There is no indication that Love is an attorney.

Moreover, an adult cannot initiate an action on behalf of another adult.  Title 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel[.]"  Section 1654 preserves a party's right to proceed *pro se*, but only as to his own claims, not those

---

[2]"*Pro se* litigants . . . are not exempt from the requirements of the Federal Rules of Civil Procedure."  *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013) (adopting report & recommendation).

of others.  *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013) (adopting report & recommendation); *Bradley v. Mason*, 833 F. Supp. 2d 763, 768 (N.D. Ohio 2011).  Thus, "[a]n adult litigant who wishes to invoke [the] [c]ourt's jurisdiction must either appear through counsel or personally sign the [c]omplaint."  *Vandorn v. McCarthy*, Case No. 5:16 CV 312, 2016 WL 2898150, at *1 (N.D. Ohio May 18, 2016); *see also Bradley*, 833 F. Supp. 2d at 768 (same).  Love's son did neither.  Lack of standing implicates the case-or-controversy requirement of Article III, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, accordingly, is a threshold question in every federal action.  *See Pown v. Washington Mut. Bank, E.A.*, No. 14-cv-02741-SHL-dkv, 2015 WL 1622986, at *3 (W.D. Tenn. Apr. 10, 2015) (adopting report & recommendation).

Based on the foregoing, the Court adopts the report and recommendation insofar as it recommends that the complaint be dismissed *sua sponte* but based on entirely different legal conclusions as set forth herein.[3]  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED this 8th day of July 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]In light of its determination that Love lacks standing to bring this action, the Court will not address the magistrate judge's recommendation relative to the merits of her claim.